**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

RODNEY D. JOHNSON,        )
                                   )
      Petitioner,          )
                                   )
      v.                   )      CAUSE NO.: 3:12-CV-690-TLS
                                   )
SUPERINTENDENT,         )
INDIANA STATE PRISON,     )
                                   )
      Respondent.        )

**OPINION AND ORDER**

The Petitioner, Rodney D. Johnson, a prisoner confined at the Indiana State Prison, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1], challenging his 2006 St. Joseph County criminal convictions for murder and arson. The Respondent argues that Johnson has not exhausted his state court remedies as to either of the claims he presents in his Petition and, in the alternative, that one of his grounds is without merit and that the other ground is barred by the doctrine of procedural default.

**BACKGROUND**

According to the state court record, the Petitioner conducted a combined direct and post-conviction appeal, in which he raised two issues: (1) whether he was entitled to post-conviction relief because the State failed to disclose leniency agreements with witnesses; and (2) whether the trial court abused its discretion by admitting hearsay testimony. (Mem. Decision 2, ECF No. 13-2.) The Indiana Court of Appeals affirmed the Petitioner's conviction on November 29, 2011 (Mem. Decision, ECF No. 13-2), and he did not seek transfer (Appellate Case History, ECF No. 13-3).

**ANALYSIS**

This Petition is governed by the provisions of the Anti-Terrorism and Death Penalty Act of 1996, *see Lindh v. Murphy*, 521 U.S. 320, 336 (1997), which allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on concerns of comity; the state courts must be given the first opportunity to address and correct violations of their prisoners' federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30–31 (2004); *Boerckel*, 526 U.S. at 845.

The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a habeas petition when either: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state law procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Perruquet*, 390 F.3d at 514. When a habeas petitioner fails to fairly present his claim to the state courts and the opportunity to raise that claim has now passed, the claim is procedurally defaulted. *Boerckel*, 526 U.S. at 853–54.

2

The Respondent argues that neither of the grounds the Petitioner raises in his habeas

Petition were exhausted in state court proceedings through presentation to Indiana's highest

court and, thus, both grounds are now barred by procedural default. The record establishes that

after the Indiana Court of Appeals affirmed his conviction in post-conviction review, the

Petitioner did not seek transfer to the Indiana Supreme Court. (*See* Appellate Case History, ECF

No. 13-3.) In his Petition, the Petitioner acknowledges that he did not seek review by the Indiana

Supreme Court. (Pet., ECF No. 1 at 2.)

To fully exhaust his state court remedies, a habeas petitioner must seek discretionary

review from the state's highest court where that review is normal, simple, and an established part

of the state's appellate review process. *Boerckel*, 526 U.S. at 845. Failure to exhaust available

state court remedies constitutes a procedural default. *Id.* at 853–54. To avoid a procedural

default, a petitioner must have presented his federal claims to the state courts before he seeks

federal review of these claims. *Id.* at 844. The Petitioner's claims that the State of Indiana failed

to disclose leniency agreements with witnesses, and that the trial court abused its discretion by

admitting hearsay testimony, are procedurally defaulted because he did not present them for one

complete round of state court review.

A habeas petitioner can overcome a procedural default by showing both cause for failing

to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v.

Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). Cause

sufficient to excuse procedural default is defined as "some objective factor external to the

defense" which prevented a petitioner from pursuing his constitutional claim in state court.

*Murray v. Carrier*, 477 U.S. 478, 492 (1986). The Petitioner does not, however, present a cause

and prejudice argument. The Petitioner merely argues that the St. Joseph County Public Defenders Office "does not provide" legal services for the "Petition to Transfer without special [a]uthorization." (Pet. 2 n.1.) But there is "no right to competent counsel in a discretionary appeal . . . to the state supreme court." *Buelow v. Dickey*, 847 F.2d 420, 426 (7th Cir. 1988). Accordingly, the Petitioner has failed to show any cause for his failure to present his claims to the Indiana Supreme Court; he has also failed to show any resulting prejudice.

A habeas petitioner may also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman*, 501 U.S. at 750. Under this narrow exception, the petitioner must establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's." *Buie v. McAdory*, 341 F.3d 623, 626–27 (7th Cir. 2003). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The Petitioner presents no actual innocence claim, nor does the record before the Court suggest the existence of a colorable actual innocence claim. Accordingly, the claims the Petitioner presents in this Petition are procedurally defaulted.

Because this Court concludes that the Petitioner has procedurally defaulted both of his claims by not exhausting his state court remedies, it will not address the Respondent's alternate arguments that his claim that the state failed to disclose leniency agreements with witnesses is without merit and that his claim that the trial court abused its discretion by admitting hearsay testimony is barred by the doctrine of procedural default because the Indiana Court of Appeals

found that the Petitioner had waived that issue.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must consider

whether to grant the Petitioner a certificate of appealability. To obtain a certificate of

appealability, a habeas petitioner must make a substantial showing of the denial of a

constitutional right by establishing "that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529

U.S. 473, 484 (2000) (quotation marks omitted).

When a district court dismisses a petition on procedural grounds, the determination of

whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the

petitioner must show that reasonable jurists would find it debatable whether the court was correct

in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would

find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.*

To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485.

For the reasons stated in this memorandum, the Court concludes that this Petition is

barred because the Petitioner did not exhaust his state court remedies, as required by 28 U.S.C.

§ 2254(b)(1)(A). The Petitioner has not established that reasonable jurists could debate the

correctness of this procedural ruling or find a reason to encourage him to proceed further.

Accordingly, this Court declines to issue the Petitioner a certificate of appealability.

**CONCLUSION**

For the foregoing reasons, the court DISMISSES this Petition Under 28 U.S.C. § 2254

for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] pursuant to  28 U.S.C.

§ 2254(b)(1)(A); DIRECTS the Clerk to close this case; and DENIES the Petitioner a certificate

of appealability.

SO ORDERED on June 5, 2013.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION
