# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RODNEY D. JOHNSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SUPERINTENDENT, )<br>INDIANA STATE PRISON, )<br>)<br>Respondent. ) | CAUSE NO.: 3:12-CV-690-TLS |

## OPINION AND ORDER

On June 5, 2013, the Court entered an Opinion and Order [ECF No. 16] denying the § 2254 Petition filed by the Petitioner, Rodney D. Johnson, a prisoner proceeding pro se. The Petitioner filed a Notice of Appeal [ECF No. 18] on July 5, and thereafter filed a Motion for Permission to Appeal in Forma Pauperis [ECF No. 22] in the United States Court of Appeals for the Seventh Circuit, but on July 30 the Seventh Circuit transferred that Motion to this Court for a determination.

The Petitioner seeks leave to proceed in forma pauperis on appeal. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The Petitioner raised two claims in his § 2254 Petition: (1) that the State of Indiana failed to disclose leniency agreements it had with witnesses; and (2) that the trial court abused its discretion in admitting certain hearsay testimony. As explained in the Court's June 5 Opinion and Order, both claims were barred by procedural default because the Petitioner did not present them to the Indiana Supreme Court. (*See* Op. & Order 3–4, ECF No. 16.)

In the present Motion, the Petitioner sets forth his inability to pay the filing fee without advancing an arguable basis for overturning the Court's judgment. He incorporates by reference

a motion for a certificate of appealability he filed in the United States Court of Appeals for the Seventh Circuit, but in that document he continues to press the merits of his claims. *See Johnson v. Superintendent*, No. 13-2506, ECF No. 2 (7th Cir. filed July 10, 2013). He does assert, without authority, that he had a constitutional right to counsel in his discretionary appeal to the Indiana Supreme Court, appearing to take issue with one aspect of the Court's analysis. *See id.* However, his argument is unavailing. *See Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982) ("a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals"); *Resendez v. Smith*, 692 F.3d 623, 626 (7th Cir. 2012) ("'[A] criminal defendant enjoys [a] right to counsel through his first appeal of right . . . but . . . once the direct appeal has been decided, the right to counsel no longer applies.'" (quoting *Kitchen v. United States*, 227 F.3d 1014, 1018 (7th Cir. 2000)).

The Petitioner also suggests that he is entitled to relief under the United States Supreme Court's recent decision in *Martinez v. Ryan*, —U.S.—, 132 S. Ct. 1309 (2012). Although not clearly stated, he may be arguing that he was denied effective assistance of counsel in the post-conviction proceedings, such that he can establish cause for his procedural defaults. *See Johnson*, No. 13-2506, ECF No. 2. His citation to *Martinez*, however, is not helpful. The limited exception adopted in *Martinez* applies to defaulted claims of ineffective assistance of trial counsel. *Martinez*, 132 S. Ct. at 1317–18. Neither of the two defaulted claims at issue here are premised on ineffective assistance of counsel, and instead pertain to other alleged trial errors. Furthermore, the exception adopted in *Martinez* applies to defaulted claims of ineffective assistance of trial counsel only when state law prevents the petitioner from raising such a claim until the post-conviction proceedings. *Martinez*, 132 S. Ct. at 1317–18; *see also Trevino v. Thaler,* —U.S.—,

133 S. Ct. 1911, 1915 (2013) (extending the *Martinez* exception where a state's system makes it "'virtually impossible' for an ineffective assistance claim to be presented on direct review"). In Indiana, a claim that trial counsel was ineffective can be raised either on direct appeal or in the post-conviction proceedings. *Benefiel v. State*, 716 N.E.2d 906, 911 (Ind. 1999).

Based on the above, the Court concludes that this appeal is not taken in good faith, because no "reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). Accordingly, the Court DENIES the Petitioner's Motion for Permission to Appeal in Forma Pauperis [ECF No. 22].

SO ORDERED on August 1, 2013.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION